UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYUNG LEEM, *et al.*,

    Plaintiffs,

    v.

BANK OF AMERICA HOME LOANS, *et al.*,

    Defendants.

Case No. C13-1517RSL

ORDER OF DISMISSAL FOR LACK OF JURISDICTION

## I. INTRODUCTION

This matter comes before the Court on Defendant Bank of America, N.A.'s ("BANA") "Motion to Dismiss Plaintiffs' Complaint" (Dkt. # 16), and Defendant Bishop, White, Marshall & Weibel, P.S.'s ("BWMW") "Motion for Summary Judgment" (Dkt. # 21). Defendant IH2 Property Washington LP ("IH2") joins BANA's motion to dismiss (Dkt. # 24). Plaintiffs filed this action against BANA, BWMW, IH2, Invitation Homes, and unknown "Doe Defendants," identified as "Black Corporations," (collectively "Defendants") in August 2013. Dkt. # 1. Plaintiffs assert several state law causes of action against Defendants related to the nonjudicial foreclosure of their home. Dkt. # 1.

On August 29, 2013, the Court issued an Order to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction. Dkt. # 7. Although

ORDER OF DISMISSAL - 1

1  Plaintiffs asserted jurisdiction based on diversity, they failed to allege the citizenship of
2  BWMW or Invitation Homes.  In their response to the Court's Order, Plaintiffs allege that
3  Invitation Homes is a citizen of Delaware. Dkt. # 13 at 2.  With respect to BWMW,
4  Plaintiffs acknowledge that BWMW is a Washington corporation, but argue nonetheless
5  that there is complete diversity in this case because BWMW is a "nominal defendant."
6  Id. at 13.  After the Court vacated the Order to Show Cause, BANA moved to dismiss
7  Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) and BWMW filed a motion for
8  summary judgment.  Upon further review, the Court finds that it lacks subject matter
9  jurisdiction and therefore, DISMISSES Plaintiffs' complaint and DENIES as moot
10 BANA's motion to dismiss (Dkt. # 16) and BWMW's motion for summary judgment
11 (Dkt. # 21).

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction [that] possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Jurisdiction is a threshold matter that must be determined before a district court may consider the merits of case, or any motion raised by the parties. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).  Thus, this Court has an ongoing obligation to ensure that it has jurisdiction over Plaintiffs' claims and may raise the issue *sua sponte*. Watkins v. Vital Pharm., Inc., 720 F.3d 1179, 1181 (9th Cir. 2013); see also Fed. R. Civ. P. 12(h)(3).  If, at any time the Court determines that it lacks subject matter jurisdiction, the Court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

A federal district court has subject matter jurisdiction over a case only if the complaint asserts a federal cause of action, or if the parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S. C. §§ 1331, 1332(a).  For diversity jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity of

ORDER OF DISMISSAL - 2

citizenship. In a case involving multiple plaintiffs and defendants, each plaintiff must be a citizen of a different state than each defendant. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

In their complaint, Plaintiffs do not allege any federal causes of action. Instead, they contend that diversity jurisdiction exists because they are Washington residents and "Defendants are a national corporation engaged in interstate commerce through multiple states." Dkt. # 1 ¶ 2. In response to the Court's Order to Show Cause, Plaintiffs acknowledge that BWMW is a Washington corporation whose principle place of business is in Washington, but they contend, nonetheless, that there is complete diversity because BWMW is a "nominal defendant" whose citizenship is ignored for purposes of determining whether there is diversity jurisdiction. Id. ¶¶ 14-15.

The Ninth Circuit has held that "[a] nominal defendant is a person who holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." S.E.C. v. Colello, 139 F.3d 674, 676 (9th Cir. 1998) (quoting S.E.C. v. Cherif, 933 F.2d 403, 414 (7th Cir. 1991)). "The paradigmatic nominal defendant is a trustee, agent, or depositary . . . [who is ] joined purely as a means of facilitating collection." Id. (internal quotation marks and citation omitted). Because there are no claims against a nominal defendant and he has no real interest in the outcome of the litigation, "it is unnecessary [for a court] to obtain subject matter jurisdiction over him once jurisdiction of the defendant is established." Id.

Contrary to Plaintiffs' contention, BWMW is not a nominal defendant. Plaintiffs are correct that a trustee under a deed of trust may be a nominal party in certain circumstances. E.g., Prasad v. Wells Fargo Bank, N.A., No. C11-894-RSM, 2011 WL 4074300, at *3 (W.D. Wash. Sept. 13, 2011). However, the cases cited by Plaintiffs in support of their argument that BWMW is a nominal defendant are distinguishable on their

ORDER OF DISMISSAL - 3

1  facts.  In each district court case on which Plaintiffs rely, there were no substantive

2  factual allegations or causes of action asserted against the trustee.  <u>Gogert v. Reg'l Tr.</u>

3  <u>Servs., Inc.</u>, No. C11-1578JLR, 2012 WL 289205, at * 4 (W.D. Wash. Jan. 31, 2012);

4  <u>Prasad</u>, 2011 WL 4074300, at *3; <u>Sherman v. Wells Fargo Bank, N.A.</u>, No. CIV S-11-

5  0054 KJM EFB, 2011 WL 1833090, at *2-3 (E.D. Cal. May 12, 2011); <u>Dempsey v.</u>

6  <u>Transouth Mort. Corp.</u>, 88 F.Supp.2d 482, 484 (W.D.N.C. 1999); <u>see also</u> <u>Andersen v.</u>

7  <u>Homecomings Fin., LLC</u>, No. 2:11-CV-332-TS, 2011 WL 2470509, at * 5 (D. Utah June

8  20, 2011) (finding trustee was nominal party fraudulently joined to defeat diversity

9  jurisdiction because plaintiffs' only claim against the trustee failed as a matter of law).

10 Notably, in <u>Prasad</u>, the court explained that "in Washington, as in other states, unless a

11 plaintiff has made substantive allegations against the trustee, the trustee under a deed of

12 trust is neutral with respect to the plaintiff and defendant and has no interest in the

13 outcome of a lawsuit such as the one at bar." 2011 WL 4074300, at *3.

14     Here, Plaintiffs have made substantive allegations that BWMW failed to follow the

15 statutory requirements of a nonjudicial foreclosure.  Dkt. # 1 ¶¶ 16-18, 36.  Under the

16 Washington Deed of Trust Act ("DTA") a trustee has specific obligations and duties, the

17 violation of which may give rise to a claim under the DTA.  RCW 61.24.030.  In addition

18 to their DTA claim, Plaintiffs assert claims of negligent and intentional infliction of

19 emotional distress against BWMW.  <u>Id.</u> ¶¶ 48-57.  Because Plaintiffs have asserted

20 specific causes of action against BWMW and they seek to recover damages for the harm

21 they allegedly suffered as a result of BWMW's wrongful conduct, BWMW is not a

22 nominal defendant.  <u>Couture v. Wells Fargo Bank, NA</u>, No. 11-CV-1096-IEG (CAB),

23 2011 WL 3489955, at *3 (S.D. Cal. Aug. 9, 2011) (finding trustee was not a nominal

24 defendant where plaintiff made substantive allegations and asserted claims for money

25 damages against defendant); <u>Silva v. Wells Fargo Bank NA</u>, No. CV 11-3200-GAF

26 ORDER OF DISMISSAL - 4

1  (JCGx), 2011 WL 2437514, at *5-6 (C.D. Cal. June 16, 2011) (same).  Because BWMW
2  is not a nominal defendant, the Court must consider its citizenship for purposes of
3  determining diversity jurisdiction.  As Plaintiffs acknowledge, BWMW and Plaintiffs are
4  both citizens of Washington.  Thus, complete diversity is lacking and this Court lacks
5  subject matter jurisdiction.  The Court, therefore, must dismiss Plaintiffs' complaint.  Fed.
6  R. Civ. P. 12(h)(3).

### III.  CONCLUSION

For all of the foregoing reasons, Plaintiffs' complaint is DISMISSED for lack of subject matter jurisdiction.  The Court DENIES as moot BANA's motion to dismiss (Dkt. # 16) and BWMW's motion for summary judgment (Dkt. # 21).  The Clerk of Court is directed to close this case.

DATED this 6th day of March, 2014.

*MNT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 5